**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| BRUCE DOUGHERTY, | No. 09-56239 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01149-PA-CT |
| v. | |
| GLORIA CORTEZ and NORMAN J. KIRSCHENBAUM, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted June 9, 2011
Pasadena, California

Before: B. FLETCHER and N.R. SMITH, Circuit Judges, and BREWSTER, Senior District Judge.[**]

Brian Dougherty appeals the district court's grant of summary judgment in

favor of Gloria Cortez and Norman Kirschenbaum in their supervisory capacity, in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Rudi M. Brewster, District Judge for the U.S. District Court for Southern California, San Diego, sitting by designation.

his 42 U.S.C. § 1983 claim. Dougherty argues that California Education Code § 44938 creates a property interest sufficient to guarantee him a hearing before derogatory information is placed in his personnel file. Dougherty brought claims other than his 42 U.S.C. § 1983 due process claim. However, he has not appealed the grant of summary judgment as to any other claim. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we AFFIRM.

To prevail in a § 1983 claim premised on a procedural due process violation, a plaintiff must show deprivation of a protected property or liberty interest without being given due process. *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "Property interests . . . are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* at 577.

California Education Code § 44938 does not create a property interest entitling Dougherty to a hearing prior to derogatory information being placed in his file. Rather, the statute guarantees that a teacher will be given written notice of unprofessional conduct and at least 45 days as an "opportunity to correct his or her faults and overcome the grounds for the charge" before being discharged. Cal. Educ. Code § 44938(a); *Crowl v. Comm'n on Prof'l Competence*, 275 Cal. Rptr.

2

86, 88, 92 (Ct. App. 1990). It is undisputed that Dougherty was given written notice of and an opportunity to correct his conduct. It is also undisputed that Dougherty was not discharged. California has created a property interest to the extent of allowing a rebuttal letter to be placed in a personnel file alongside any derogatory information. *See* Cal. Educ. Code § 44031; *Miller v. Chico Unified Sch. Dist.*, 597 P.2d 475, 480 (Cal. 1979). Dougherty was allowed to place a rebuttal letter in his personnel file, which was adequate under the statute. *See Roth*, 408 U.S. at 577.

Dougherty did not raise the argument that the Appellees violated his liberty interest in his reputation to the district court. The district court did not address this issue in its order. Therefore, Dougherty waived this issue. *See Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1996).

AFFIRMED.